IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CRIMINAL NO. 16-013 (PAD) |
| JOSEAN RAMOS-RIOS, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

Defendant Josean Ramos-Ríos was charged in a three count indictment with possession of a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A); and possession with intent to distribute controlled substances in violation of 18 U.S.C. § 841(a)(1). He moved to suppress a Smith and Wesson pistol, controlled substances, paraphernalia consisting of multiple, small-size transparent baggies and a scale seized by the Puerto Rico Police Department ("PRPD"), and statements made to a PRPD officer (Docket No. 20). The government opposed (Docket No. 24) and defendant replied (Docket No. 25). For the reasons explained below, the motion is GRANTED.

The court referred the matter to Magistrate Judge Camille Vélez-Rivé for a Report and Recommendation ("R&R") (Docket Nos. 26 and 27). The Magistrate Judge held a four-day suppression hearing (Docket Nos. 32, 33, 39 and 40), after which she issued an R&R recommending that the motion be granted (Docket No. 43). The government filed objections to the R&R, requesting a *de novo* review of the entire record, a *de novo* suppression hearing, and that

the R&R be rejected (Docket No. 45). Defendant opposed, asking that the court adopt in full the R&R (Docket No. 47).

The court held a two-day suppression hearing on March 1 and 2, 2017 (Docket Nos. 60 and 61). Having seen and heard the witnesses and examined the record in light of relevant legal principles, the court adopts the Magistrate Judge's well founded findings and conclusions except on one point: the reason why PRPD Officer Santiago Aguila stopped defendant's vehicle. He testified that he stopped the vehicle after noticing that the "marbete" or registration sticker was not transparent enough, with too white a background on the back, for him to suspect it was fake. See, R&R at pp. 5-7. The Magistrate Judge found it impossible to believe that Officer Aguila could have noticed that the "marbete" was fake. Id. at pp. 7-18. But at the distance Officer Aguila made the observation (about the distance from the witness stand to the jury box in the courtroom), the lack of transparency in the marbete is apparent. So it was valid for him to suspect that it was fake.[1] Hence, the initial stop was lawful.

The police may extend a stop beyond the scope of what was originally permissible to investigate the traffic violation, with the driver's consent or if something happened during the initial stop to cause the officer to have a reasonable and articulable suspicion that criminal activity was afoot. See, United States v. Stepp, 680 F.3d 651, 661 (6th Cir. 2012)(explaining basis for extension). Yet that did not occur here. To that end, the court credits defendant's testimony. Nothing indicates that Officer Aguila had constitutionally valid grounds to search defendant's vehicle beginning with the cigarette pack, after ordering defendant out of the vehicle. The drugs, paraphernalia and pistol were not in plain view. And defendant did not consent to the search. In

---

[1] At such a distance it would not be possible to read the letters of the marbete. However, Officer Aguila did not rely on the letters but on the "marbete's" lack of transparency to make the stop.

effect, from the point that the initial search and seizure were conducted in connection with the cigarette pack, unattenuated consequences followed, tainting the flow of subsequent events. Thus, suppression of the items seized and of the statement made is warranted. On that basis, the motion to suppress must be GRANTED. A status conference is set for July 10, 2017 at 3:00 p.m.

**SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of June, 2017.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
U.S. DISTRICT JUDGE